IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

DIOP FITZGERALD AND LANDRIFF
MACKLIN,

        Defendants.

Criminal No. 18-072

ELECTRONICALLY FILED

## MEMORANDUM ORDER OF COURT ON DEFENDANT MACKLIN'S MOTION FOR SEVERANCE (DOC. NO. 78)

Currently pending before this Court is Defendant Landriff Macklin's Motion for Severance from His Co-Defendant, Diop Fitzgerald. Doc. no. 78. After careful consideration of Defendant Macklin's Motion, and the Response thereto filed by the Government (doc. no. 106), this Court will deny the Motion.

The Motion for Severance focuses on the fact that Defendant Macklin has been indicted on two counts – one for participating in an unlawful drug conspiracy and one for unlawfully possessing a quantity of cocaine. According to the Motion, the indictment indicates that Defendant Fitzgerald is individually responsible for five kilograms or more of cocaine, while Defendant Macklin is individually responsible for five hundred grams or more of cocaine.

In addition, Defendant Macklin's Motion for Severance indicates that the 15-month conspiracy – which spanned from September, 2016 through November 30, 2017 – only involved him for three days – from October 23, 2017 to October 26, 2017 – based on seven of twenty-four telephone calls that were intercepted by the Government. According to Defendant Macklin, this

makes his relationship with Defendant Fitzgerald more of a buyer-seller relationship, as opposed to a co-conspirator relationship.

Defendant Macklin argues that given the discrepancies in the amount of cocaine attributable to each Defendant, given the very limited contact between these two Defendants, and given the larger volume of evidence that will purportedly be presented against his Co-Defendant, the Court should grant the Motion to Sever in accordance with *U.S. v. Walker*, 392 Fed. Appx. 919, 925 (3d Cir. 2001).

The Government in its Response ([doc. no. 106](doc. no. 106)), primarily relies upon *Zafiro v. United States,* 506 U.S. 534 (1993) and *United States v. Hart*, 273 F.3d 363 (3d Cir. 2001), in support of its position that this matter not be severed. This Court concurs with the rationale of the line of cases upon which the Government relies.

First, these Co-Defendants were indicted together. The severance position taken by Defendant Macklin is in tension with "the fundamental principle that the federal system prefers joint trials of defendants who are indicted together because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Urban,* 404 F.3d 754, 775 (3d Cir. 2005).

Second, in *Zafiro,* the United States Supreme Court noted that severance is a drastic measure and, more often than not, prejudice can be cured by other, less radical procedures. For example, limiting instructions and, if necessary, curative instructions can be given to "cure any risk of prejudice" to Defendant Macklin. Indeed, this Court has prepared its preliminary jury instructions with input from both Co-Defendants' counsel to ensure the jury is aware from the very inception of the trial that there is a difference in the amount of cocaine attributable to each Defendant, as well as the charge(s) brought against each individual Defendant.

Next, the alleged prejudicial "spillover effect" that Defendant Macklin raises in his Motion, is of no moment because Defendant Macklin was charged with conspiracy. Thus, any and all acts committed in furtherance of the conspiracy may be presented against Defendant Macklin whether or not he remains a Co-Defendant in the trial of this case or receives his own individual trial. The potential for "spillover" here is not great by the Court's estimation, and, in any event, it does not rise to the level of "clear and substantial prejudice" as required under *United States v. Lore,* 430 F.3d 190, 204 (3d Cir. 2005). In *Lore*, the Court of Appeals held:

> We long have held that "a defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party." *United States v. Somers*, 496 F.2d 723, 730 (3d Cir.1974). Instead, the relevant inquiry is "whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." *United States v. Davis,* 397 F.3d 173, 182 (3d Cir.2005) (internal quotation marks omitted).

430 F.3d at 205.

Turning back to the instant matter, this Court finds that the jury should be able to compartmentalize the evidence as it relates to these two Co-Defendants. Accordingly, Defendant Macklin's Motion for Severance ([doc. no. 78](doc. no. 78)) is DENIED.

**SO ORDERED, this 2nd day of August, 2018.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc: All ECF Registered Counsel of Record